# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTHONY DAWAIN SHAW, NO. 344733,

        Petitioner,

v.                                     ACTION NO. 2:09cv126

GENE M. JOHNSON,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner Anthony D. Shaw ("Shaw") was convicted following a plea of guilty in the Circuit Court of Henrico County on February 16, 2005 to one count of first degree murder and use of a firearm in the commission of a felony. Shaw was sentenced on April 22, 2005 to a term of life imprisonment for the murder charge and three years on the firearm charge.

Shaw's direct appeal of his convictions to the Virginia Court of Appeals was denied initially on December 29, 2005, and was denied by a three-judge panel of the court on June 29, 2006. The

Supreme Court of Virginia refused Shaw's petition for appeal on November 14, 2006. Shaw filed a habeas petition in the Henrico County Circuit Court on October 18, 2007. The court denied the petition by order dated March 13, 2008. Shaw appealed the petition's denial to the Virginia Supreme Court which denied his petition for appeal on October 2, 2008, and his petition for rehearing on February 5, 2009.

Shaw, presently in the custody of the Virginia Department of Corrections at Sussex II State Prison, Waverly, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 19, 2009. On July 15, 2009, the Respondent filed a Motion to Dismiss and Rule 5 Answer. Shaw filed a response to the Motion to Dismiss on August 3, 2009. Accordingly, this matter is now ripe for adjudication.

## B. Grounds Alleged

Shaw asserts he is entitled to relief under 28 U.S.C. § 2254 because he was denied effective assistance of counsel when:

(I) trial counsel erroneously advised him to plead guilty;

(II) trial counsel failed to have him evaluated for competence to stand trial;

(III) trial counsel was ineffective at the motion to withdraw his plea of guilty; and

(IV) trial counsel was ineffective in failing to investigate witness John Redding's competence to testify.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Shaw's claims must be exhausted. See 28 U.S.C. § 2254 (b). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). For a claim to be considered exhausted, the claim must be "fairly presented to the state courts," meaning both the "operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (citations omitted). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Shaw's claims are exhausted because they were presented to the Circuit Court of Henrico County in a post-conviction habeas proceeding, and then to the Virginia Supreme Court. Accordingly, this Court now turns to the merits of Shaw's claim.

### B. Merits

Pursuant to 28 U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

>          State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

In Ground (I) of his petition, Shaw alleges counsel's advice to plead guilty constituted ineffective assistance of counsel. For Shaw to make a showing of ineffective assistance of counsel, he must demonstrate that counsel's performance was deficient, and that this deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's errors at trial must be so serious as to have deprived a defendant of a fair trial, and a trial whose results were reliable. Id. In assessing counsel's representation under this standard, a strong presumption arises that counsel's conduct fell within the "wide range of reasonable professional assistance." Id. at 695. To prevail on his petition, Shaw must demonstrate that the Virginia Supreme Court's denial of his petition was grounded in an unreasonable interpretation of the facts in light of the evidence presented, or involved an unreasonable application of federal law, including the Strickland standard of ineffective assistance of counsel.

Challenges to guilty pleas based on ineffective assistance of counsel are analyzed under the test set forth in Strickland, supra. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Analyzing deficiency requires inquiry into whether the advice was within the range of competence required of counsel in criminal cases. Strickland, 466 U.S. at 687. If Shaw demonstrates the requisite deficiency, he must

4

also show that the deficiency caused prejudice. In the context of a guilty plea, a showing of prejudice is necessarily a showing of "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. A showing of prejudice requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, whose result was reliable. Strickland, 466 U.S. at 687 (1984). Thus, the prejudice inquiry requires an objective analysis. Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988).

Shaw failed to point to any specific facts which would implicate or even suggest a deficiency in counsel's performance regarding his advisement that Shaw plead guilty. The record establishes that the decision to plead guilty was made knowingly and voluntarily by Shaw. (Tr. 2/16/05 at 7-8.) On record, Shaw verified he understood the charges against him and that he wanted to plead guilty to the charges. Id. at 7. Moreover, he affirmed his understanding of the consequences of his plea, that he could receive up to life in prison. Id. at 8. "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Beck v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000).

Not only did Shaw fail to establish counsel's deficiency, but there was no showing that, had counsel's performance been deficient, he would have suffered prejudice. The record indicates that Shaw made the decision to plead guilty on his own, and he fails to point to anything which would indicate that the result would have been different had he gone to trial. Notably, a special agent with the Virginia State Police testified during Shaw's guilty plea hearing regarding Shaw's murder confession, which took place in the presence of police investigators as well as Shaw's attorney and the attorney for his co-defendant. (Id. at 9, 11-12.) Therefore, in addition to failing to meet the deficiency required to prevail on a claim of ineffective assistance of counsel, Shaw also fell short

of the prejudice requirement. The Virginia Supreme Court's dismissal of Ground (I) was not grounded in an unreasonable interpretation of the facts in light of the evidence presented, nor did it involve an unreasonable application of federal law, and this Court recommends that Ground (I) of Shaw's petition be dismissed.

In Ground (II) of his petition, Shaw alleges that his counsel failed to recognize Shaw's incompetency to stand trial. The burden on a party to establish incompetency to stand trial is heavy. Flugence v. Butler, 848 F.2d 77, 79 (5th Cir. 1988). The standard of establishing such incompetency includes whether a defendant has a rational understanding of the proceedings against him, as well as a factual understanding of those proceedings, and whether the defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding. Dusky v. United States, 362 U.S. 402, 402 (1960); Indiana v. Edwards, 128 S. Ct. 2379, 2383 (2008). A defendant whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with his lawyer, and to assist in the preparation of his defense is not to be subject to trial. Drope v. Missouri, 420 U.S. 162, 171 (1975). Evidence of mental illness does not by itself demonstrate incompetence to stand trial; rather, the evidence must suggest a present inability to assist counsel or to understand the charges. Burket v. Angelone, 208 F.3d 172, 192 (4th Cir. 2000).

The record is devoid of any evidence to suggest Shaw lacked the requisite capacity to stand trial. After questioning Shaw, the trial court found his plea of guilty was made "knowingly, intelligently, and voluntarily after advice from counsel." (Tr. 2/16/2005 at 9.) Prior to his sentencing hearing, Shaw attempted to withdraw his guilty plea, stating he was emotionally distressed and had conflicts with his attorney. (Tr. 4/22/05 at 27.) After questioning Shaw a second time, the trial court

of the prejudice requirement. The Virginia Supreme Court's dismissal of Ground (I) was not grounded in an unreasonable interpretation of the facts in light of the evidence presented, nor did it involve an unreasonable application of federal law, and this Court recommends that Ground (I) of Shaw's petition be dismissed.

In Ground (II) of his petition, Shaw alleges that his counsel failed to recognize Shaw's incompetency to stand trial. The burden on a party to establish incompetency to stand trial is heavy. Flugence v. Butler, 848 F.2d 77, 79 (5th Cir. 1988). The standard of establishing such incompetency includes whether a defendant has a rational understanding of the proceedings against him, as well as a factual understanding of those proceedings, and whether the defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding. Dusky v. United States, 362 U.S. 402, 402 (1960); Indiana v. Edwards, 128 S. Ct. 2379, 2383 (2008). A defendant whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with his lawyer, and to assist in the preparation of his defense is not to be subject to trial. Drope v. Missouri, 420 U.S. 162, 171 (1975). Evidence of mental illness does not by itself demonstrate incompetence to stand trial; rather, the evidence must suggest a present inability to assist counsel or to understand the charges. Burket v. Angelone, 208 F.3d 172, 192 (4th Cir. 2000).

The record is devoid of any evidence to suggest Shaw lacked the requisite capacity to stand trial. After questioning Shaw, the trial court found his plea of guilty was made "knowingly, intelligently, and voluntarily after advice from counsel." (Tr. 2/16/2005 at 9.) Prior to his sentencing hearing, Shaw attempted to withdraw his guilty plea, stating he was emotionally distressed and had conflicts with his attorney. (Tr. 4/22/05 at 27.) After questioning Shaw a second time, the trial court

of the prejudice requirement. The Virginia Supreme Court's dismissal of Ground (I) was not grounded in an unreasonable interpretation of the facts in light of the evidence presented, nor did it involve an unreasonable application of federal law, and this Court recommends that Ground (I) of Shaw's petition be dismissed.

In Ground (II) of his petition, Shaw alleges that his counsel failed to recognize Shaw's incompetency to stand trial. The burden on a party to establish incompetency to stand trial is heavy. Flugence v. Butler, 848 F.2d 77, 79 (5th Cir. 1988). The standard of establishing such incompetency includes whether a defendant has a rational understanding of the proceedings against him, as well as a factual understanding of those proceedings, and whether the defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding. Dusky v. United States, 362 U.S. 402, 402 (1960); Indiana v. Edwards, 128 S. Ct. 2379, 2383 (2008). A defendant whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with his lawyer, and to assist in the preparation of his defense is not to be subject to trial. Drope v. Missouri, 420 U.S. 162, 171 (1975). Evidence of mental illness does not by itself demonstrate incompetence to stand trial; rather, the evidence must suggest a present inability to assist counsel or to understand the charges. Burket v. Angelone, 208 F.3d 172, 192 (4th Cir. 2000).

The record is devoid of any evidence to suggest Shaw lacked the requisite capacity to stand trial. After questioning Shaw, the trial court found his plea of guilty was made "knowingly, intelligently, and voluntarily after advice from counsel." (Tr. 2/16/2005 at 9.) Prior to his sentencing hearing, Shaw attempted to withdraw his guilty plea, stating he was emotionally distressed and had conflicts with his attorney. (Tr. 4/22/05 at 27.) After questioning Shaw a second time, the trial court

again found his plea of guilty was made "knowingly, intelligently, and voluntarily." Id. at 37. Further, Shaw's attorney filed an affidavit in state court asserting "I was never concerned during either proceeding that Mr. Shaw was unable to assist me, that he lacked an understanding of the proceedings or that he was in any way incompetent to stand trial." (Resp. Mot. to Dismiss Circuit Court Habeas, Ex. 3 ¶ 2.) He further stated, "there was never any question as to Mr. Shaw's sanity at the time of the offense . . . Mr. Shaw always asked questions, appeared to me to clearly comprehend his rights and options and to fully understand[] the charges against him as well as the evidence . . . made a number of suggestions about trial strategy, made suggestions about questions he wanted asked and arguments he wished for me to make." Id.

While the opinion of a defendant's trial cousnel on the issue of competency is not determinative, counsel "is in the best position to evaluate a client's comprehension of the proceedings." Hernandez v. Ylst, 930 F.2d 714, 718 (9th Cir. 1991). See also Burket, 208 F.3d at 192-93. The record suggests the Shaw clearly comprehended the nature of the charges against him and the potential consequences to being convicted, and assisted substantially in the preparation of his defense. The Supreme Court of Virginia's denial of Shaw's petition with respect to Ground (II) was not grounded in an unreasonable interpretation of the facts in light of the evidence presented, nor did it involve an unreasonable application of federal law. Therefore, this Court recommends that Ground (II) of Sha w's petition be dismissed.

In Ground (III) of his Petition, Shaw claims trial counsel was ineffective at the motion to withdraw his plea of guilty. Just as the test set forth in Strickland applies to guilty pleas based on ineffective assistance of counsel, the same test also applies to a motion to withdraw a plea of guilty. United States v. Houston, 103 F. App'x 346, 351 (10th Cir. 2004). Shaw failed to offer any

7

allegations of specific instances of insufficient representation on the part of his counsel which would suggest deficiency; rather, he simply made the unsupported statement that counsel was ineffective at the hearing.

During the hearing, Shaw argued that he was suffering some sort of cognitive or psychological impairment. His counsel reiterated Shaw's argument, stating, "as I understand [Shaw's] argument . . . I think what he's trying to say is that he wasn't of the right state of mind when he made his confession, and that sort of compounded into being of unsound mind at the time that he entered into his guilty plea in this case." (Tr. 4/22/05 at 35.) In his state court affidavit, counsel explains that he did not elaborate further, as he "did not feel that [he] had any good faith argument to make beyond Mr. Shaw's reason for wanting to withdraw his plea." (Resp. Mot. to Dismiss Circuit Court Habeas, Ex. 3 ¶ 5.)

In addition to failing to allege deficient representation at the motion to withdraw his guilty plea, Shaw also fails to demonstrate any actual prejudice. The facts do not suggest that Shaw's plea of guilty could have been appropriately rescinded, based on an objective analysis of the record, regardless of what his attorney may have argued at the motion to withdraw the guilty plea. The Supreme Court of Virginia's denial of Shaw's petition with respect to Ground (III) was not grounded in an unreasonable interpretation of the facts in light of the evidence presented, nor did it involve an unreasonable application of federal law. This Court recommends that Ground (III) of Shaw's petition be dismissed.

Shaw's final claim, that counsel was ineffective for failing to properly investigate witness John Redding's competence to testify, is likewise unfounded. Shaw argues his counsel should have determined that Redding was incompetent to testify because he attempted to commit suicide before

he testified against Shaw at trial. The record shows Shaw pled guilty to the charges. Shaw fails to point to any reason why an investigation of Redding would have had any effect on his plea in the case. The Supreme Court of Virginia's denial of Shaw's petition with respect to Ground (IV) was not grounded in an unreasonable interpretation of the facts in light of the evidence presented, nor did it involve an unreasonable application of federal law, and this Court recommends that Ground (IV) of Shaw's petition be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Shaw's petition for writ of habeas corpus be DENIED and DISMISSED and the Respondent's Motion to Dismiss be GRANTED, because the claims were previously adjudicated by the Virginia Supreme Court on the merits, and none of the statutory exceptions that would allow this Court to grant relief on the claims apply. Further, Shaw's request for an evidentiary hearing is DENIED.

Shaw has failed to demonstrate a "substantial showing of the denial of a constitutional right;" therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the

9

Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984), <u>cert. denied</u>, 474 U.S. 1019 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
January 4, 2010

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Anthony Dawain Shaw, # 344733
Sussex II State Prison
24427 Musselwhite Drive
Waverly, VA 23891

Donald E. Jeffrey, III, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

                                        Fernando Galindo, Clerk


                                        By _____

                                        Clerk of the Court

                                        January     , 2010