FILED
MAR - 3 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTHONY DAWAIN SHAW, NO. 344733,

Petitioner,

v.  ACTION NO. 2:09cv126

GENE M. JOHNSON,

Respondent.

## FINAL ORDER

This matter was initiated by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's convictions following a plea of guilty in the Circuit Court of Henrico County on February 16, 2005, to one count of first degree murder and one count of use of a firearm in the commission of a felony. As a result, Petitioner was sentenced to serve to a term of life imprisonment for the murder charge and three years on the firearm charge.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for a Report and Recommendation. The Report and Recommendation filed January 4, 2010 recommends dismissal of the petition. Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On January 20, 2010, the Court received Petitioner's Objections to the Report and Recommendation.

First, Petitioner objects to the Report and Recommendation's finding that he failed to point to any specific facts which suggested deficient performance on the part of his counsel. To support

this assertion Petitioner refers to an incident when, after he indicated his intent to plead guilty to the commonwealth attorney, he believes his attorney should have pulled him aside to advise against the plea. Despite restating various court opinions as to the importance of counsel, Petitioner provides no analysis as to why this specific instance meets the dual prong standard of *Strickland v. Washington*, 466 U.S. 668 (1984).

Second, with respect to his competency, Petitioner objects to the burden of proof that was applied in considering his petition in the Report and Recommendation. He argues that had his counsel taken reasonable steps to investigate, a hearing could have been held on the issue of his competency. Clearly, the Petitioner is confusing the burdens of proof for competency and ineffective assistance of counsel. Regardless, in both cases, he fails to meet his burden. As discussed above, Petitioner made no adequate showing to satisfy *Strickland*, and further, there are no grounds to believe his competency was in question. As his counsel stated in his affidavit, "there was never any question as to Mr. Shaw's sanity at the time of the offense . . . Mr. Shaw always asked questions, appeared to me to clearly comprehend his rights and options and to fully understand[] the charges against him as well as the evidence . . . made a number of suggestions about trial strategy, made suggestions about questions he wanted asked and arguments he wished for me to make." (Resp. Mot. to Dismiss Circuit Court Habeas, Ex. 3 ¶ 2.).

Finally, Petitioner's last objection relates to the second in that he alleges the Report and Recommendation fails to acknowledge that he became incompetent as a result of his confinement pending trial, and then attempted to make the irrational decision to replace his counsel. Again, Petitioner is confusing, and intermingling the legal standards for incompetence and ineffective assistance of counsel while proving neither. Petitioner's assertions are conclusory and not supported

by the evidence.

The Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed January 4, 2010. It is, therefore, ORDERED that the petition be DENIED and DISMISSED. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this Final Order by filing a *written* notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

/s/ [signature]
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 2 , 2010